[Cite as *State v. Jenkins*, 2022-Ohio-705.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 109701 |
| v. | : | |
| JAMES L. JENKINS, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643967-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and James Gallagher, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and Aaron T. Baker, Assistant Public Defender, *for appellant.*

SEAN C. GALLAGHER, A.J.:

{¶ 1} James Jenkins appeals his conviction, claiming it to be void based on the constitutional invalidity of the Reagan Tokes Law. For the following reasons, we affirm Jenkin's conviction for the qualifying felony drug trafficking offense.

{¶ 2} On February 24, 2020, Jenkins pled guilty to two counts of drug possession in violation of R.C. 2925.11(A). One count was a qualifying second-degree felony under R.C. 2929.144 and 2929.14(A)(2)(a), and the other count was a nonqualifying fifth-degree felony. On March 26, 2020, the trial court sentenced Jenkins on the second-degree felony drug trafficking offense to an indefinite term of two to three years in prison under the Reagan Tokes Law.

{¶ 3} In this appeal, Jenkins advances three arguments in support of vacating the sentence imposed upon the second-degree felony drug trafficking offense, citing the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, (1) that the Reagan Tokes Law violates his right to trial by jury or the separation-of-powers doctrine, and (2) that R.C. 2967.271, which provides offenders with the right to a hearing before imposition of the maximum term imposed under R.C. 2929.144, has no statutorily imposed structure or enumerated rights therein in violation of Jenkins's due process rights. Jenkins does not otherwise challenge his fifth-degree drug trafficking conviction. These arguments were thoroughly addressed and overruled in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470.

{¶ 4} As a result, we need not dwell on the arguments presented. Based on the authority established by this district's en banc holding in *Delvallie*, the challenges Jenkins advanced against the constitutional validity of the Reagan Tokes Law have been overruled. *See id.* at ¶ 17-51. Jenkins presents no new arguments in support of his claims. As a result, Jenkins's arguments challenging the

constitutional validity of his conviction for the second-degree felony drug trafficking offense with a sentence imposed under the Reagan Tokes Law is overruled.

{¶ 5} We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).